UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20839-CIV-COHN/WHITE

SAMUEL REYES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT, OVERRULING PETITIONER'S OBJECTION, AND CLOSING CASE**

**THIS CAUSE** is before the Court on Magistrate Judge White's Report re Dismissal for Failure to Obtain Authorization Pursuant to 28 U.S.C. § 2244(b)(3) [DE 4] ("Report").  The pro-se movant, Samuel Reyes, filed a Petition for Writ of Audita Querela [DE 1] ("Petition"), pursuant to 28 U.S.C. § 1651.  In the Petition, Mr. Reyes alleges that the United States violated his plea agreement by representing to the sentencing judge that he pled guilty to Count II when he actually pled guilty to Count I.  Judge White determined that the movant should have raised that issue in the motion to vacate that he filed pursuant to 28 U.S.C. § 2255 in Case No. 05-CV-20858.  Judge White therefore determined that the instant petition is in legal effect a successive motion to vacate pursuant to 28 U.S.C. § 2255.  Consequently, Judge White recommends dismissing the Petition and allowing Mr. Reyes to apply to the United States Eleventh Circuit Court of Appeals for the authorization to file a successive § 2255 motion as required by 28 U.S.C. 2244(b)(3)(A).

    Mr. Reyes filed timely objections.  See DE 8 ("Objections").  However, rather than show that the basis for the instant motion is something that he did not need to raise in his initial motion to vacate, Mr. Reyes merely argues, without citation to any

authority,[1] that "[v]iolation of a plea agreement cannot be attacked under 28 U.S.C. § 2255."[2]  See generally Petition for Writ of Audita Querela [DE 1].

"[T]he breach of a plea agreement is a violation of the Due Process Clause of the Fifth Amendment."  Reed v. United States, 304 Fed. App'x 807, 809 (11th Cir. 2008) (citing United States v. Harvey, 869 F.2d 1439, 1443-44 (11th Cir. 1989)).  Consequently, Mr. Reyes unsupported argument that "[v]iolation of a plea agreement cannot be attacked under 28 U.S.C. § 2255" is unpersuasive.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge White's Report re Dismissal for Failure to Obtain Authorization Pursuant to 28 U.S.C. § 2244(b)(3) [DE 4] is **ADOPTED**;
2. Mr. Reyes' Objection to the Magistrate Report and Recommendation is **OVERRULED**;
3. Mr. Reyes' Petition for Writ of Audita Querela [DE 1] is **DISMISSED**;
4. The Clerk shall **CLOSE** this case and **DENY** and pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 27th day of April, 2011.

*[signature]*
JAMES I. COHN
United States District Judge

---

[1] The authority cited in the Objections merely demonstrates that writs of audita querela have been recognized in some courts in different situations.

[2] The Court notes that Mr. Reyes filed an "Informative Motion" [DE 3] after he filed his Petition and before Judge White issued his Report.  In the Informative Motion, Mr. Reyes explains the basis for his belief that the United States dishonored his plea agreement and he explains that he learned of this information only recently.  See Informative Motion.  Although this information may be relevant if he chooses to seek permission from the Eleventh Circuit to file a successive § 2255 motion, it is not relevant here.